# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARTELL HOTELS, A California Limited Partnership, dba HALF MOON MARINA, <br><br> Plaintiff, <br><br> v. <br><br> S/V TALUS, That Certain 1981 Islander Sailing Vessel of Approximately 40-Feet in Length, Official No. 1202535, and all of her engines, tackle, accessories, equipment, furnishings and appurtenances, *in rem*, <br><br> Defendant. | Case No. 3:19-cv-01773 GPC (AGS) <br><br> **ORDER GRANTING EX PARTE MOTION FOR ORDER AUTHORIZING RELEASE OF PERSONAL PROPERTY ABOARD DEFENDANT VESSEL** <br><br> [Dkt. No. 16.] <br><br> F.R.C.P. Supplemental Admiralty Rules C and E |

Considering Plaintiff BARTELL HOTELS, dba HALF MOON MARINA's Ex Parte Motion for Order Authorizing Release of Personal Property Aboard Defendant Vessel, the Points and Authorities in support thereof, the Declaration of Philip E. Weiss in support thereof, and the file of record in this action, no opposition having been filed, and good cause therefor appearing,

**IT IS HEREBY ORDERED** that the Substitute Custodian shall permit a person or persons designated in writing by Ronald Lee, who avers he is a Trustee of the trust that owns the DEFENDANT VESSEL, to board the DEFENDANT VESSEL and, while accompanied by a Substitute Custodian representative, retrieve and remove items of personal property from the DEFENDANT VESSEL, including any of the following: (1) clothing; (2) cooking utensils; (3)

1  bedding; (4) books (not including vessel logs); (5) personal hygiene items; (6) pots and pans; (7) blankets and other bedding; (8) photographs; (9) tools; (10) correspondence and other personal documents; and (11) miscellaneous items that are not part of the DEFENDANT VESSELS, equipment, gear or appurtenances.

**IT IS FURTHER ORDERED** that the above specified property shall be removed from the DEFENDANT VESSEL as soon as reasonably possible, and in any event before any interlocutory sale of the DEFENDANT VESSEL that the Court might Order, and that if such property is not removed before such interlocutory sale all such property shall remain aboard the DEFENDANT VESSEL and be sold with and as part of the DEFENDANT VESSEL at the time of any such sale directed by the Court; and

**IT IS FURTHER ORDERED**, that promptly after this Order issues PLAINTIFF's counsel shall mail a copy of this Order to Ronald Lee; and

**IT IS FURTHER ORDERED** that the United States Marshal need not be present at the time of the removal of personal property from the DEFENDANT VESSEL; and

**IT IS FURTHER ORDERED** that the person or persons designated in writing by Ronald Lee to remove items of personal property from the DEFENDANT VESSEL shall board her, remove such items and place them on the dock or in dock carts, so they can be photographed by the Substitute Custodian prior to removal from the premises by such person or persons; and

**IT IS FURTHER ORDERED** that contemporaneously with the removal of the above identified items from the DEFENDANT VESSEL pursuant to this Order, the Substitute Custodian shall photograph or videotape all such items; and

**IT IS FURTHER ORDERED** that if the person or persons designated by Ronald Lee remove property from the DEFENDANT VESSEL and the Substitute Custodian concludes that such item is not personal property, but instead constitutes vessel equipment, gear or

///
///
///
///

///

appurtenances, such property shall be returned aboard the DEFENDANT VESSEL and remain there, unless a further Order issues permitting such removal.

**IT IS SO ORDERED**.

DATED: March 17, 2020

HON. GONZALO P. CURIEL
United States District Judge

Cc:

Inmate Mail: Arizona Department of Corrections
Inmate Ronald Lee
ADC #337837
Arizona State Prison Complex Kingman
Unit CERBAT
PO Box 3009
Kingman, AZ 86402